UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P. STEWART, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0631 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and currently housed at R.J. Donovan Correctional Facility in San Diego ("R.J.D."), seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The instant complaint was filed on March 23, 2018. (ECF No. 1). Thereafter, plaintiff was directed to file a completed affidavit to proceed in forma pauperis, and on July 5, 2018, plaintiff filed a motion for a fifteen-day extension of time to do so. (See ECF Nos. 8, 9). On July 9, 2018, plaintiff filed his motion to proceed in forma pauperis. (ECF No. 10).

The court will grant, nunc pro tunc, plaintiff's motion for a fifteen-day extension of time to file an in forma pauperis application. In addition, for the reasons stated below, the court will recommend that: (1) plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and (2) plaintiff be ordered to pay the appropriate filing fee prior to proceeding any further with this action.

1

## I. APPLICABLE LAW: 28 U.S.C. § 1915(g)

Section 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

## II. ANALYSIS

### A. Cases Identified as Strikes

On June 15, 2016, in Williams v. Just, No. 2:15-cv-2143 WBS CKD (E.D. Cal. June 15, 2016) ("Just"), the District Court judge adopted the assigned magistrate's findings and recommendations which had determined that plaintiff was a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). (See Just, ECF Nos. 23, 24, 31, 32). Specifically, the Just Court found that prior to filing the Just action, plaintiff had brought at least three actions that had been dismissed on the grounds that they were frivolous, or malicious, or failed to state a claim upon which relief may be granted. The cases identified as strikes in Just were the following:

- Williams v. Aparicio, No. 2:14-cv-8640 PA KK (C.D. Cal. Feb. 5, 2015);
- Williams v. Young, No. 2:14-cv-8037 PA KK (C.D. Cal. May 19, 2015);
- Williams v. Kerkfoot, No. 2:14-cv-7583 GW KK (C.D. Cal. May 15, 2015), and
- Williams v. Young, No. 15-55967 (9th Cir. Sept. 18, 2015).

(See Just, ECF No. 23 at 2-4).

This court takes judicial notice of Just and of the cases identified as strikes therein. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) (stating court my take judicial notice of its own records) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997). Therefore, the first requirement under Section 1915(g) which permits this court to deny plaintiff in forma pauperis status has been met. The court now considers Section 1915(g)'s imminent danger of serious physical injury requirement.

### B. Absence of Imminent Danger of Serious Physical Injury

In the instant complaint, plaintiff states that he is under imminent threat of serious physical injury in light of the following: (1) the failure to receive timely "proper medical care"[1] from defendants Stewart and Sanders[2] for his injured back, torso and head when he fell off his bunk at California Medical Facility – Vacaville ("CMF-Vacaville") in October 2015; (2) defendant Stewart's failure to permit plaintiff to turn on a fan in his cellblock hallway despite plaintiff's high body temperature and other heat-related medical ailments; (3) the various threats of physical harm[3] plaintiff received from defendant Stewart in April 2017 for pursuing administrative grievances, and (4) the facilitation of plaintiff's transfer to R.J.D. in May 2017 by defendants Taylor and Muhammad,[4] despite the fact that they knew plaintiff had enemy concerns there. (See ECF No. 1 at 5-13).

////

---

[1] Plaintiff describes "proper medical care" as "being given an M.R.I., CT scan for [his] back and head." (See ECF No. 1 at 5-6) (brackets added). He states that he is "still suffering headaches, severe back pain in a multitude of areas, dizziness and lightheadedness causing fainting all still [sic] not being treated at time of filing this complaint causing my injuries and ailment to be of an on-going [sic] nature." (See id. at 6) (brackets added).

[2] Defendant Stewart is a correctional officer at California Medical Facility – Vacaville ("CMF-Vacaville"). Defendant Sanders is a physician at CMF-Vacaville. (See ECF No. 1 at 3).

[3] Plaintiff states the threats included being attacked with a lock placed in a sock, having his cell fire-bombed, being framed for a criminal charge and being placed in the hole. (See ECF No. 1 at 10).

[4] Defendants Taylor and Muhammad are correctional counselors at CMF-Vacaville. (See ECF No. 1 at 3).

3

These facts as well as the timing of plaintiff's filed pleadings do not support plaintiff's claim that he was under imminent danger of serious physical injury at the time this action was brought. First, the imminent danger plaintiff states he was in at the time this action was filed on March 23, 2018, was purportedly at the hands of the five named defendants, all of whom are employees at CMF-Vacaville. (See ECF No. 1 at 1-4). Plaintiff's complaint makes this "imminent danger at CMF-Vacaville" claim despite the fact that it also states that plaintiff had been transferred to R.J.D. in May 2017, almost a full year prior to the filing of the instant action. (See ECF No. 1 at 12). In addition, a change of address notice plaintiff filed on the same day – March 23, 2018 – verifies that plaintiff was no longer housed at CMF-Vacaville when he filed the instant action. He was housed at R.J.D.[5] (See ECF No. 3).

The imminent danger exception applies only where a plaintiff has alleged facts that demonstrate he was "under imminent danger" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Given that: (1) CMF-Vacaville is where all the named defendants are located; (2) CMF-Vacaville is where plaintiff's alleged imminent danger of serious physical harm was alleged to be occurring via the hands of the defendants (see generally ECF No. 1), and (3) by plaintiff's own admissions both in his complaint and in his simultaneously filed change of address notice, plaintiff was not housed at CMF-Vacaville when he filed the instant complaint, the undersigned finds that plaintiff has not adequately established the existence of imminent danger of serious physical injury at the time the action was brought that Section 1915(g) requires. Consequently, plaintiff must be denied in forma pauperis status.

**III. CONCLUSION**

The undersigned shall recommend that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g). On June 15, 2016, the Just Court adopted the findings that plaintiff was a three-strikes litigant within the meaning of the statute. (See Just, ECF Nos.

---

[5] As an aside, in April 2018, plaintiff filed two additional notices of address change with the court, neither of which indicated that plaintiff was still housed at CMF-Vacaville, where plaintiff's complaint states his imminent danger threat existed. (See ECF Nos. 5, 7). The last notice, filed April 30, 2018, confirms that plaintiff is currently still housed at R.J.D. (See ECF No. 7).

4

23, 24, 31, 32). In addition, the instant complaint fails to establish that plaintiff was under imminent danger of serious physical injury on March 23, 2018, the date plaintiff filed the instant complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a fifteen-day extension of time to file a motion to proceed in forma pauperis filed July 5, 2018 (ECF No. 9), is GRANTED nunc pro tunc, and

2. The Clerk of Court shall randomly appoint a District Court judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis filed July 9, 2018 (ECF No. 10), be DENIED, and

2. Plaintiff be ordered to pay the appropriate filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS/PRISONER.CIVIL RIGHTS/will0631.1915g.noifp

5